United States District Court
Southern District of Texas
**ENTERED**
July 09, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KHOLLE Magnolia 2015, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-22-1974 |
| | § | |
| Kathi Vidal, *as Director of the* | § | |
| *United States Patent and* | § | |
| *Trademark Office,* | § | |
| *Defendant.* | § | |

## ORDER

Pending before the court is Plaintiff's Motion for Leave to Serve Discovery, ECF No. 57. The motion is **DENIED**.

On January 31, 2024, the court granted in part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. *See* ECF Nos. 39, 44. The remaining claims are: (1) *ultra vires* abandonment of the patent application; (2) failure to provide timely and effective notice of the decision to change from Travis to *Travix* as lead inventor; (3) failure to provide timely and effective notice of the adverse decision that *Travix* was the lead inventor; (4) estoppel; (5) failure to comply with the U.S. Patent and Trademark Office's (PTO) Manual of Patent Examining Procedure; (6) defective notice of abandonment; (7) violation of due process rights; and (8) *ultra vires* withdrawal from issue and abandonment of application. Plaintiff pleaded all claims under the APA except violation of due process rights, which Plaintiff pleaded under the Fifth Amendment. ECF No. 34 ¶¶ 45–96, 111–32, 145–49, 156–74.

The APA contemplates judicial review based only on the agency record. *See Robinson v. Veneman*, 124 F. App'x 893, 895 (5th Cir. 2005) (quoting *Louisiana ex rel. Guste v. Verity*, 853 F.2d

322, 326 (5th Cir. 1988)) ("Under the APA, the administrative record is reviewed to determine whether the challenged action was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law[.]") (citing 5 U.S.C. § 706 (2)(A)). The statute directs courts, in making determinations under its provisions, to "review the whole record or those parts of it cited by a party[.]" 5 U.S.C. § 706(2). The Fifth Circuit considers limiting the court's review only to the administrative record itself to be a "bedrock principle of judicial review" in APA cases. *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n.15. (5th Cir. 2001); *cf. Wages & White Lion Invs., L.L.C. v. Food & Drug Admin.*, 90 F.4th 357, 389 (5th Cir. 2024) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.").

Courts may allow discovery in a case under the APA when (i) an agency fails to explain its action, effectively frustrating judicial review; (ii) the agency appears to have relied on materials not included in the record; (iii) technical terms or complex subjects need to be explained; or (iv) the plaintiff makes a strong showing of bad faith or improper behavior on the part of the agency. *Malone Mortgage Co. America, Ltd. v. Martinez*, No. 3:02-cv-1870-P, 2003 WL 23272381, at *3 (N.D. Tex. Jan. 6, 2003) (citing *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436–37 (9th Cir.1988)). Plaintiff's motion and reply do not recognize that there is a general prohibition against discovery in APA actions. Plaintiff has not cited or discussed any of the exceptions to the general rule against discovery in APA cases. Instead, Plaintiff approaches discovery in this case as it would in any typical civil litigation and seeks broad, general discovery justified only by principles of relevance. That is simply not how discovery proceeds in an APA case.

Plaintiff argues that the administrative record is incomplete. *See* ECF 57 at 4–8. Plaintiff seeks, among other things: documentation of the PTO's determinations and actions of which Plaintiff did not receive notice or did not receive timely notice; documentation underlying the PTO's determinations that triggered issuance of papers in the record; documentation as to whether and when Travis or *Travix* was recognized in the PTO databases as an inventor; unpublished internal rules; and documentation of oral conversations that Plaintiff's attorney had with PTO personnel. *Id.* at 4–8. It is not clear that many of these things exist. On the other hand, it is also not clear that the administrative record does not already contain the very things Plaintiff is asking for. Many of Plaintiff's requests seek discovery of the PTO's internal deliberations that led to its actions. Plaintiff has not attempted to explain why it is entitled to such discovery. Plaintiff has not tied any of its requests to any recognized exception to the general rule against discovery.

Plaintiff cites out of context portions of Defendant's Motion to Dismiss and argues that it should be allowed discovery into "exactly what conditions created the Office's perceived emergency and how much notifying [Plaintiff] in plain English of Mr. *Travix'[s]* existence would have inconvenienced the [PTO]" and discovery into evidence that would discredit Defendant's arguments that Plaintiff is at fault for the actions about which it complains. ECF No. 57 at 6–7. It is not at all clear that Defendant was claiming an "emergency" when it used the word "exigency" in its motion. *Cf.* ECF No. 35 at 17 (stating that the PTO "was free to adapt its procedures to meet the *exigency* of this situation"). Nor does it appear that Defendant was citing any particular "fiscal [or] administrative burden" when it quoted a Supreme Court case for the basic legal elements of a Due Process claim. *Id.* at 22. It is also

3

undisputed that it was Plaintiff's attorney who misspelled the inventor's name in the first place causing all of the ensuing confusion and litigation. In any event, the parties will be limited to the same administrative record when briefing their summary judgment motions. Defendant will not be permitted to raise arguments that are not supported by the administrative record it produced. Therefore, discovery is not necessary to unpack statements made in connection with attorney arguments made in support of a motion to dismiss.

In addition to seeking discovery on its APA claims, Plaintiff seeks discovery on its Fifth Amendment due process claim. *See* ECF No. 57 at 7. "[T]he APA contemplates constitutional challenges to agency action [and] provides that the court shall review the administrative record in considering such challenges." *See Lewis v. United States & United States Army Corps of Engineers*, No. CIVIL ACTION NO. 18-1838, 2019 WL 13115362, at *6 (E.D. La. Mar. 28, 2019); *see also* 5 U.S.C. § 706 (2)(B) ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity[.]"). Although the court owes no deference to agency rulings on a constitutional claim, "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies were entitled to broad-ranging discovery." *Malone Mortg. Co. Am., Ltd. v. Martinez*, No. 3:02-CV-1870-P, 2003 WL 23272381, at 2 (N.D. Tex. Jan. 6, 2003). Because the administrative record will show what process the PTO afforded Plaintiff, the only question is whether it was constitutionally sufficient—a question of law not fact. The court thus finds that no additional discovery is required.

Plaintiff's motion for discovery is **DENIED**.


Signed at Houston, Texas on July 9, 2024.

_____
Peter Bray
United States Magistrate Judge