UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KHOLLE MAGNOLIA 2015, LLC, § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:22-CV-01974 |
| § | |
| COKE MORGAN STEWART, § ACTING UNDER SECRETARY OF § COMMERCE AND ACTING § DIRECTOR OF THE UNITED STATES § PATENT AND TRADEMARK OFFICE, § § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the February 21, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 86). In this lawsuit, Plaintiff KHOLLE Magnolia 2015, LLC ("KHOLLE") brings claims against Defendant Coke Morgan Stewart,[1] Acting Under Secretary of Commerce and Acting Director of the United States Patent and Trademark Office ("USPTO"), under the Administrative Procedure Act ("APA"). (Dkt. No. 34).

Judge Bray made findings and conclusions and recommended that: (1) KHOLLE's Motion for Partial Summary Judgment, (Dkt. No. 70), be **DENIED**; (2) KHOLLE's Motion for Reconsideration, (Dkt. No. 72), be **DENIED**; (3) KHOLLE's Motion for Leave to File

---

[1] Katherine Vidal was the Director of the United States Patent and Trademark Office when this case was filed but no longer holds that office. Coke Morgan Stewart, now the Acting Under Secretary of Commerce and Acting Director of the United States Patent and Trademark Office, is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

Motion for Partial Transfer and to Amend, (Dkt. No. 83), be **DENIED**; and (4) the USPTO's Motion for Summary Judgment, (Dkt. No. 61), be **GRANTED**. (Dkt. No. 86 at 25–26).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On March 14, 2025, KHOLLE filed objections to the M&R. (Dkt. No. 89). On March 21, 2025, the USPTO filed a response to KHOLLE's objections. (Dkt. No. 90).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see* Fed. R. Civ. P. 72(b)(3).

KHOLLE objected to the M&R's findings and conclusions on the following issues:

(1) the effectiveness of the USPTO's notice in the Withdrawal Letter, (Dkt. No. 89 at 12–14);

(2) the USPTO's failure to issue a Form PTO-2306 as required by the Manual of Patent Examining Procedure ("MPEP"), (*id.* at 15–17);

(3) the USPTO's compliance with procedures in withdrawing and abandoning KHOLLE's patent application, (*id.* at 17–18);

(4) KHOLLE's entitlement to the issuance of its patent upon its payment of the issue fee, (*id.* at 19–20);

(5) the USPTO's waiver of inventorship regulations, (*id.* at 20–22);

(6) the finding of no prejudicial error, (*id.* at 22–25);

(7) the absence of estoppel against the USPTO, (*id.* at 25);

(8) the lack of due-process violations, (*id.* at 25–28);

(9)  the inapplicability of the Paperwork Reduction Act, (*id.* at 28–29);

(10) KHOLLE's request for a refund of fees, (*id.* at 29); and

(11) KHOLLE's petition for recalculation of the patent term adjustment as it relates to KHOLLE's request for leave to file a partial transfer motion, (*id.* at 30).

The Court finds KHOLLE's objections unpersuasive. KHOLLE objects that the USPTO did not follow the procedures outlined in the MPEP when it failed to append a Form PTO-2306 to the Withdrawal Letter. (Dkt. No. 89 at 15–17). The M&R correctly concluded that "the MPEP is not a binding regulation and does not have the force or effect of law." (Dkt. No. 86 at 11). As a result, the USPTO's failure to follow the MPEP is not grounds for setting aside the agency's action under 5 U.S.C. § 706(D), which applies to agency actions taken "without observance of procedure required by law." (Dkt. No. 86 at 11).

Even so, "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (quoting *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981)). "It is arbitrary, and thus contrary to the APA, for an agency to depart from its own procedures without sufficient reason." *Castillo v. Army & Air Force Exch. Serv.*, 849 F.2d 199, 202 (5th Cir. 1988) (citing *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974)); *see* 5 U.S.C. § 706 ("The reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."). "*If prejudice results from a violation*" of the agency's internal procedures without an

3

adequate explanation, "the result cannot stand." *Newton*, 209 F.3d at 459 (emphasis added).

The Court agrees with Judge Bray's finding that the USPTO's failure to follow the MPEP did not cause substantial prejudice. (*See* Dkt. No. 86 at 11–13); (*see also* Dkt. No. 90 at 2–4). As a result, the Court will not set aside the USPTO's action. *See* 5 U.S.C. § 706 ("In making the foregoing determinations, . . . due account shall be taken of the rule of prejudicial error.").

\* \* \*

The Court has carefully considered de novo those portions of the M&R to which objections have been made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Save for what is noted above, the Court agrees with the objected-to portions of the M&R and finds no error in the remaining portions. The Court thus accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Bray's M&R, (Dkt. No. 86), is **ACCEPTED** and **ADOPTED** as the opinion of the Court, consistent with the discussion above;

(2) KHOLLE's Motion for Partial Summary Judgment, (Dkt. No. 70), is **DENIED**;

(3) KHOLLE's Motion for Reconsideration, (Dkt. No. 72), is **DENIED**;

(4) KHOLLE's Motion for Leave to File Motion for Partial Transfer and to Amend, (Dkt. No. 83), is **DENIED**; and

(5) the USPTO's Motion for Summary Judgment, (Dkt. No. 61), is **GRANTED**.

It is SO ORDERED.

Signed on March 25, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**